**CORPORACION FRUTICOLA DE CHINCA, SAC and J & C Enterprises, Inc., Plaintiffs,**

v.

**WATERMELON DEPOT, INC, Kil Ho Lee, Ju Gil Joen, Dae Won Produce Distributor, Inc., Serk Hon Lee, and Group JOA Corp., Defendants.**

**No. 05 CV 6293 VM.**

United States District Court,
S.D. New York.

Feb. 7, 2007.

---

Michael L. Stonberg, Lustig & Brown, LLP, New York, NY, for Plaintiffs.

Sukjin Henry Chò, Pak & Cho, P.C., Fort Lee, NJ, for Defendants.

## DECISION AND ORDER

MARRERO, District Judge.

Defendant Ju Gil Joen ("Joen") moves to vacate the default judgment entered against him by this Court on November 11, 2005. Fed.R.Civ.P. 60(b)(1) provides that a court may grant relief from a final judgment in cases of "mistake, inadvertence, surprise, or excusable neglect." The Second Circuit has held that "[i]n the default judgment context, courts generally examine three criteria to determine whether to vacate a judgment: '(1) whether the default was willful; (2) whether defendant has a meritorious defense; and (3) the level of prejudice that may occur to the non-defaulting party if relief is granted.'" *American Alliance Ins. Co. v. Eagle Ins. Co.,* 92 F.3d 57, 59 (2d Cir.1996) (*quoting Davis v. Musler,* 713 F.2d 907, 915 (2d Cir.1983)).

In this case Joen asserts in an affidavit (1) that he was a mere employee, not an officer, of defendant Watermelon Depot, Inc., (2) that he has never been involved in a lawsuit, (3) that when he was served with papers by the plaintiffs in this action, he was told by his boss, defendant Serk Hon Lee, that he would take care of the lawsuit, (4) that he never received notice of plaintiffs' motion for default judgment, and (5) that he first received notice of the default judgment against him by way of post-judgment document requests and interrogatories in October, 2006, at which time he promptly sought legal advice and filed the instant motion. The Court held a hearing on February 2, 2007, during which the parties engaged in further discussion of this matter. The Court concludes that the default was not willful, that Joen may have a meritorious defense to the extent he can establish that he was not an officer of Watermelon Depot, Inc., and that the plaintiffs will not be substantially prejudiced by the granting of the relief requested.

Accordingly, it is hereby

**ORDERED** that the motion of defendant Ju Gil Joen (Docket No. 25) to vacate the default judgement entered in favor of plaintiffs Corporacion Fruticola De Chincha, SAC and J & C Enterprises, Inc. and against Ju Gil Joen is GRANTED; and it is further

**ORDERED** that the parties shall have 120 days from the date of this Order to complete discovery; and it is further

**ORDERED** that a status conference shall be held in this case on June 1, 2007 at 11:00 a.m.

**SO ORDERED.**